UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
RYAN O. GITTENS,

                      Petitioner,

-against-

ERIC HOLDER, United States Attorney
General; JEH JOHNSON, Department of Homeland
Security; PHYLLIS COVEN, U.S.C.I.S. District
Director New York,
                      Respondents.
----------------------------------------------------------X

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
15-CV-342 (CBA) (VMS)



**AMON, Chief United States District Judge:**

On January 15, 2015, petitioner Ryan O. Gittens filed the instant action. He seeks mandamus relief pursuant to 28 U.S.C. § 1361 and requests that this Court compel the Attorney General to reopen and adjudicate nunc pro tunc his previously filed naturalization application. Gittens's request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 is hereby granted. For the reasons discussed below, however, the complaint is dismissed.

Gittens has filed three prior actions with this Court seeking essentially the same relief; the Court therefore assumes familiarity with the relevant facts, which have been set forth in previous orders. See Gittens v. Holder, 10-CV-849 (CBA), 2011 WL 3206911 (E.D.N.Y. July 27, 2011); Gittens v. Holder, 12-CV-2363 (CBA), 2013 WL 839772 (E.D.N.Y. Mar. 6, 2013); Gittens v. Holder, 13-CV-3020 (CBA), D.E. # 5, Mem. & Order, (E.D.N.Y. July 11, 2013). The complaint filed in the most recent of these prior actions is almost identical to the instant complaint. The Court dismissed that action on July 11, 2013. Gittens subsequently appealed to the Court of Appeals for the Second Circuit and, on November 20, 2013, his appeal was dismissed because it lacked any arguable basis in law or fact. Gittens v. Holder, 13-CV-3020 (CBA), D.E. # 8,

1

Mandate. Gittens then filed a motion to reopen his case, which this Court denied on September 5, 2014. Gittens v. Holder, 13-CV-3020 (CBA), D.E. # 9.

As the Court has previously noted, the Board of Immigration Appeals issued a final order of removal against Gittens in February 2013. See Gittens, 2013 WL 839772, at *1 n.1. As this Court has repeatedly informed Gittens, judicial review of all final orders of removal takes place exclusively in the courts of appeals.[1] 8 U.S.C. § 1252(a)(5) ("[A] petition for review filed with an appropriate court of appeals . . . shall be the sole and exclusive means for judicial review of an order of removal. . . ."). The fact that the instant request is styled as a mandamus petition does not cure this jurisdictional defect. See Scott v. Napolitano, 618 F. Supp. 2d 186, 191 (E.D.N.Y. 2009) ("[I]f an alien seeks review of a final order of removal, regardless of how the alien's claim for relief is styled, jurisdiction rests exclusively with the appropriate court of appeals."); see also Bhatt v. Bd. of Immigration Appeals, 328 F.3d 912, 914–15 (7th Cir. 2003) (finding that district court lacked jurisdiction over mandamus action to compel BIA to reconsider its decision).

Accordingly, Gittens's request for relief is denied. The Clerk of Court is directed to close the docket in this case. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore in forma pauperis status is denied for purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

Dated: October 19, 2015
Brooklyn, New York

/s/Carol Bagley Amon
―――――――――――――――
Carol Bagley Amon
Chief United States District Judge

---

[1] Gittens filed such a petition for review with the Eleventh Circuit Court of Appeals. The Eleventh Circuit denied Gittens's request to proceed in forma pauperis because his petition was without arguable merit. Specifically, the Eleventh Circuit found that the Immigration Judge ("IJ") lacked jurisdiction to determine Gittens's eligibility for naturalization and, therefore, authority to terminate removal proceedings against him. See Gittens v. U.S. Att'y Gen., No. 13-10946-C, Order (11th Cir. June 19, 2013). The Eleventh Circuit subsequently denied Gittens's motion for reconsideration, Order, No. 13-10946-C, Order (11th Cir. Aug. 8, 2013), and ultimately dismissed Gittens's petition for want of prosecution because he failed to pay the required docketing fee, Gittens v. U.S. Att'y Gen., No. 13-10946-C, Entry of Dismissal (11th Cir. Sept. 11, 2013).